## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Emerson, | Civ. No.: 07-4272 (JRT/JJK) |
| Plaintiff, | |
| v. | |
| Michael J. Astrue, Commissioner of Social Security, | **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION** |
| Defendant. | |

Randall J. Fuller, Esq., Midwest Disability, PA, counsel for Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, counsel for Defendant.

## INTRODUCTION

This matter is before this Court for a report and recommendation to the District Court on Defendant's Motion to Dismiss for Lack of Prosecution. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons stated below, this Court recommends that Defendant's Motion to Dismiss for Lack of Prosecution (Doc. No. 2) be granted.

## BACKGROUND

On October 17, 2007, Plaintiff filed his Complaint against Defendant and a summons was issued as to Defendant.[1] On March 28, 2008, Defendant filed a

---

[1] In his Complaint, Plaintiff appeals the unfavorable decision of Defendant
(Footnote Continued on Next Page)

Motion to Dismiss for Lack of Prosecution based on the fact that Defendant had not been served with the summons and more than 120 days had passed without an enlargement of time.

On July 24, 2008, this Court issued an Order to Plaintiff to show cause why this case should not be dismissed for lack of prosecution. This Court allowed Plaintiff until August 13, 2008, to file his response. As of the date of this Report and Recommendation, Plaintiff has not responded to Defendant's motion to dismiss or this Court's Order to Show Cause.

## DISCUSSION

Defendant argues that this case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 4(c)(1). Rule 41(b) provides that a defendant may move for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the] rules [of civil procedure] or a court order." Fed. R. Civ. P. 41(b). Rule 4(c)(1) states:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1). Rule 4(m) states:

---

(Footnote Continued from Previous Page)

denying his appeal of an overpayment determination by the Social Security Administration.

2

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

The court evaluates the facts and circumstances of each case to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, Plaintiff did not serve the summons on Defendant within the 120-day period allowed by the Rules. Plaintiff has been notified of this deficiency through both the service of Defendant's motion to dismiss and the Court's Order to Show Cause. Plaintiff has not responded to either, and therefore has not shown good cause for the failure of service. Pursuant to Federal Rules of Civil Procedure 4(m), the Court "must dismiss the action without prejudice against [the] [D]efendant or order that service be made within a specified time." Because of the lack of response by the Plaintiff, this Court recommends granting Defendant's Motion to Dismiss for Lack of Prosecution and dismissing this case without prejudice.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Defendant's Motion to Dismiss for Lack of Prosecution (Doc. No. 2) be **GRANTED**; and

    2.    This case be **DISMISSED WITHOUT PREJUDICE**.


Date: August 20, 2008

                                      s/Jeffrey J. Keyes
                                      JEFFREY J. KEYES
                                      United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 3, 2008.